**LOUIS ROCKOFF, Plaintiff**

**v.**

**VITEX MANUFACTURING CO., LTD., Defendant**

Civil No. 32-1964

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 25, 1964

*See, also, 230 F. Supp. 23*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

BAILEY & WOOD, Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

GORDON, *Judge*

The motion for summary judgment filed by the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure came on for hearing on March 16, 1964. At that time, counsel for both sides made their oral arguments upon the motion. Counsel for the defendant filed with the court two affidavits and a series of exhibits in support of his motion for summary judgment. At the completion of the hearing, the court gave counsel for both sides time in which to file any supporting memorandum of law since this is a case of novel impression in this jurisdiction. Mr. Croxton Williams, counsel for the plaintiff, at the time of the hearing stipulated that he would stand on his complaint and the law as it applied to the situation which is before the court. (Transcript of March 16, 1964, page 5.)

This is an action filed by the plaintiff, a former employee of the defendant corporation, whereby he alleges in his complaint that defendant owes plaintiff for unpaid wages, unpaid overtime compensation, and payment in lieu of two weeks vacation for the year 1962. This suit was filed pursuant to Section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 216(b)). The plaintiff in his complaint alleges that from January 25, 1962, until December 20, 1963, he was employed by the defendant under an oral contract in the capacity of plant maintenance and repairman at the defendant's plant. The defendant in lieu of an answer has filed the motion for summary judgment wherein it contends that the relationship between the plaintiff and defendant was exempt from the operation of the Fair Labor Standards Act (29 U.S.C. §§ 206, 207) and falls within the provisions of 29 U.S.C. § 213 and Title 29 Code of Federal Regulations section 541.1.

The legislative history and policy of the Fair Labor Standards Act shows an intent of Congress to protect certain classes of employees from substandard wages

and excessive hours in industries engaged in interstate commerce. 29 U.S.C. § 202 (see Brooklyn Bank v. O'Neil, 65 S. Ct. 895, 902, 324 U.S. 697, 706, 89 L. Ed. 1296). The *Act* makes special exemptions for those classes of employees who do not need the protection of the law (29 U.S.C. § 213). Included in this class of exemption is any employee employed in a bona fide executive, administrative, or professional capacity (29 U.S.C. § 213(a)(1)). The Code of Federal Regulations, Title 29, Section 541.1, clearly outlines what standards shall be used in determining who shall fall into the category of an executive employee. This section lists a series of requirements, which if all are complied with, places an employee in an executive capacity. This section also has a proviso, which if all the terms are met, the requirements of the section shall be deemed to have been complied with. 29 CFR 541.1 — Executive — states: Provided: That an employee who is compensated on a salary basis at a rate not less than $100 per week (exclusive of board, lodging, or other facilities) and whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section.

The defendant has filed two affidavits pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. One affidavit was that of David Oshatz, formerly employed as President of the defendant corporation, who was very familiar with the plaintiff's duties. The other affidavit was that of one Jack Semm who was continuously present at the defendant's plant and who was also familiar with the duties of the plaintiff. Both affidavits conclusively show that the plaintiff throughout the entire period of his employment by the defendant was employed as the defendant's Plant Supervisor. Initially the plaintiff was paid at a daily rate

of $30. At a subsequent date this was changed to a weekly rate of $200 and still later increased to $250 per week. The defendant has filed as an exhibit to his motion for summary judgment which are copies of the plaintiff's payroll ledger that shows the plaintiff was paid weekly in amounts varying from $100 to $250. David Oshatz's affidavit further shows that the plaintiff was in complete charge of the machinery and physical plant at the defendant's physical facility. The plaintiff was given complete authority to take such steps he deemed necessary for the purpose of maintaining and repairing the machinery and equipment in the defendant's plant. The plaintiff was assisted by individuals hired by himself. He had full authority to hire and fire employees in his department and at one time exercised this authority by firing one Joe White.

Further evidence of the plaintiff's administrative position was the fact that the defendant entered into a collective bargaining agreement with the Virgin Islands Labor Union. Excluded from this collective bargaining agreement were "supervisors vested with authority to hire and fire". The plaintiff was not required, and in fact did not join the union.

The plaintiff has not seen fit to file any opposing affidavits, which are permitted under Rule 56(e) of the Federal Rules of Civil Procedure. Thus, the facts related in defendant's affidavits shall be deemed to have been admitted.

The Court concludes as a matter of law that the plaintiff falls within the category of an executive employee, thus exempt from the provisions of the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1).

For these reasons the motion of the defendant for summary judgment is hereby granted. Counsel for the defendant shall submit an order in accordance with this memorandum dismissing plaintiff's complaint.