**CARLENE WOODS, Plaintiff**

v.

**SOUTH AMERICAN TRADE, Defendant**

S.C. No. 9/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 7, 1986

35

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM OPINION
## I. INTRODUCTION

This matter came on for hearing on the 24th day of February, 1986, before the Honorable Alphonso A. Christian, Judge, presiding. Both parties appeared in person pro se. At issue before the Court is whether plaintiff is entitled to pay for the number of overtime hours she claimed she worked during the time she was employed by the defendant. For the reasons stated below, we hold that she is not so entitled and dismiss her action.

## II. FACTS

The plaintiff, a former employee of the defendant, filed this action, alleging that defendant owes her the sum of $247.92 for unpaid overtime compensation. Plaintiff alleges that this sum is derived from her employment with the defendant from September 14, 1985, through November 14, 1985, the complete period of her employment.

Plaintiff is a college graduate who holds a Bachelor of Arts Degree. On or before September 14, 1985, she was hired by the owner of defendant to assist it at her place of business. Plaintiff was the sole employee in the establishment and, by agreement of the parties, was obligated to work from 8:00 a.m. to 5:30 p.m. This agreement was subsequently modified, on request of plaintiff, with respect to the length of the workday, to the effect that plaintiff would terminate her workday at 5:00 p.m. instead of 5:30 p.m.

Plaintiff was paid a weekly salary of $250.00. During the course of her employment she functioned autonomously, that is, she kept her own records of the time she worked, and she managed and ran the business establishment in the absence of the owner, exercising her own discretion in the course of her employment.

Sometime after the parties had agreed that the plaintiff may terminate her workday at 5:00 p.m., a backlog resulted in the work to be done, and as a result, defendant requested that plaintiff resume her previous hours of work, from 8:00 a.m. to 5:30 p.m. Plaintiff refused to do so, terminated her employment, and commenced this lawsuit.

■ Defendant's business consisted solely of the selling at retail of gift items, e.g., leather goods and costume jewelry, locally, to residents and visitors to the island of St. Thomas. We therefore find that defendant was not engaged in commerce as defined by the Federal Fair Labor Standards Act cited hereafter.

## III. DISCUSSION

■ The regulation of fair labor standards, including the establishment of minimum wages, is governed by the Federal "Fair Labor Standards Act of 1938" as amended, 29 U.S.C. § 201 et seq. (hereafter "The Federal Act"). The Federal Act would apply to the subject matter before us only where "commerce" is taking place, and "commerce" is defined as "trade, commerce, transportation, transmission or communication among the several States or between any State and any place outside thereof." Section 203(b) id. Clearly, this definition includes only interstate commerce and excludes intrastate or intra-island commerce. However, there is also the Virgin Islands counterpart to the Federal Act, also called the Fair Labor Standards Act, 24 V.I.C. § 1 et seq. (hereafter "The Local Act"), which establishes labor standards, including the prescribing of minimum wages and maximum hours. This the Local Act does, both directly, section 4 id., and through a Wage Board vested with broad powers (hereafter "The Board"), sections 6 and 7 id.

The Local Act, section 2(2), as does the Federal Act, section 213(a)(1), exempts from its application "an[y] individual employed in a bona fide executive, administrative, or professional capacity." The Local Act also provides that wherever any law of the United States establishes a minimum wage higher than that fixed by the Board, or a maximum of working hours lower than the maximum established by the Board, Federal law shall prevail. 24 V.I.C. § 18(b). Since we hold that both Acts exclude plaintiff from relief, this provision is of no moment except as a basis to arrive at a correct definition of the class of managerial employee to which the plaintiff belongs.

37

We also observe that in the case of Rickoff v. Vitex Corp. Manufacturing Co., Ltd., 4 V.I. 555, 230 F. Supp. 23 (D.C.V.I. 1964), a case in which an employee sued for unpaid wages, unpaid overtime wages, and payment in lieu of vacation time, the Court, although not making it clear whether commerce as defined in the Federal Act or local commerce was involved, resorted to the Federal Act and the regulations promulgated thereunder—29 U.S.C. §§ 206, 207; 29 U.S.C. § 213; and Title 29 Code of Federal Regulations 541.1—for aid in the proper construction to be given the class of employees generically known as "managerial employees" as a whole and to the subdivision of that entire class referred to in both the Federal and Local Acts as "executive".[1]

The Court is satisfied that it may draw sufficient authority from the provisions of 24 V.I.C. § 18(b) and the Vitex Court to determine if plaintiff falls within one of the three classes (sic) denominated as managerial, and, if she does, into which class she falls.

In Vitex, plaintiff was held to fall within the category of "executive employee" (Opinion at page 559) because (1) of the pay he received, ultimately and at the time of the suit, $250.00 a week; and (2) because of the nature and scope of his authority and of the duties he performed. He was given complete authority to take such steps as he deemed necessary for the purpose of repairing machinery and equipment in the plant; to be assisted by individuals hired by himself; and to hire and fire employees. The Vitex Court also resorted to a short test laid out in proviso at the end of the passage defining executive employee which, if met, the requirements to be classified managerial employee, and excluded, shall be deemed to have been complied with.

While plaintiff in the instant action cannot fall within the managerial class of employees defined by CFR as executive as per section 541.1 thereof, we are satisfied, following the pattern provided us in Vitex, that she falls within the managerial class defined in these regulations as "administrative" as per section 541.2 thereof, whether we apply the long test (29 CFR 541.2, sections (a) through (e)(1), or the short test appearing in the proviso at the end of subsection (e)(2) thereof, infra.

---

[1] The Vitex Court ruled that the plaintiff in that action fell within the class of employees defined in the Code of Federal Regulations, 29 CFR. 541.1, as "executive".

29 CFR 541.2 defines "Administrative" as follows:

The term "employee employed in a bona fide . . . administrative . . . capacity" in section 213(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of either:

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or

(2) The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks; and

(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent of his hours worked in the work-week to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

(e)(1) Who is compensated for his services on a salary or fee basis at a rate of not less than $155.00 per week ($130.00 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, or

(2) Who, in the case of academic administrative personnel, is compensated for services as required by paragraph (e)(1) of this section, or on a salary basis which is at least equal to the entrance salary for teachers in the school system, educational establishment, or institution by which employed.

We have determined that the existence of any one of the following subsection combinations would be sufficient to exclude the employee from the benefits of either the Federal or the Local Fair Labor Standards Act, to wit:

1. Subsections (a)(1); (b); (c)(1); (d); and (e)(1).
2. Subsections (a)(2); (b); (c)(1); (c)(3); (d); and (e)(1).
3. Subsections (c)(2); (d); and (e)(1).
4. Subsections (c)(3); (d); and (e)(1).
5. Subsections (e)(2) coupled with the salary requirements of (e)(1).

The proviso which defines the short test reads:

> Provided that an employee who is compensated on a salary or fee basis at a rate of not less than $250.00 per week ($200.00 per week if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all the requirements of this section. [38 FR 11390, May 7, 1973, as amended at 40 FR 7092, Feb. 9, 1975.]

■ From the facts of this case we are satisfied, and we find, that plaintiff's employment fell within the managerial class of work defined as "administrative", whether we apply the facts of her employment to the long or short test. Her work was nonmanual, directly related to management; she customarily and regularly exercised discretion and independent judgment, or had the authority to do so; she regularly and directly assisted the owner being employed in a bona fide administrative capacity, as such term is defined by the applicable regulations; she executed under only general supervision, and from the evidence, most times under no supervision at all special assignments and tasks; and in this retail firm she devoted virtually all her time in managing the business in the absence of the owner. The minimum wage payable to her as an administrative employee under the law was $130.00 per week if we use the long test, or $200.00 a week if we use the short test set forth in the proviso. The fact that she was paid as much as $250.00 per week is uncontroverted. Thus she was paid on a level at least comparable to the class of employees defined by

the regulations and in an amount comparable to the nature and amount of work assigned to her.

## IV. CONCLUSION

As a 4-year college graduate, fresh out of school at the College of the Virgin Islands, with virtually no experience, paid $250.00 a week for the work which was assigned to her, it appears that plaintiff made a serious mistake in quitting her job for the reason she gave. Nonetheless, that was her choice to make, and the Court has to respect it. But on the facts of the case, and the law applicable thereto, we hold that the plaintiff does not fall within any of the classes of employees either the Federal or Virgin Islands Fair Labor Standards Act was enacted to protect from substandard wages or excessive hours in industry existing and carried on in the United States Virgin Islands.

For the foregoing reasons, the plaintiff's case will be dismissed with prejudice.

## JUDGMENT

Based on Memorandum Opinion issued by the Court on even date in above-titled matter, and the Court being satisfied in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff's case is dismissed with prejudice.